UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re HERTZ GLOBAL HOLDINGS, INC. SECURITIES LITIGATION | Master File No. 2:13-cv-07050-SRC-CLW |
| This Document Relates To:<br><br>ALL ACTIONS. | <u>CLASS ACTION</u> |

## DEFENDANTS' MEMORANDUM OF LAW
## IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE

JENNER & BLOCK LLP
Anton R. Valukas (*pro hac vice*)
Ross B. Bricker (*pro hac vice*)
Howard S. Suskin (*pro hac vice*)
353 North Clark Street
Chicago, IL  60654

*Attorneys for Defendants Hertz Global Holdings, Inc. and Mark P. Frissora*

DEBEVOISE & PLIMPTON LLP
Edwin G. Schallert (*pro hac vice*)
Maeve L. O'Connor (*pro hac vice*)
Michael T. Leigh (*pro hac vice*)
919 Third Avenue
New York, NY  10022

*Attorneys for Defendant Elyse Douglas*

MARINO, TORTORELLA & BOYLE, P.C.
Kevin H. Marino
John D. Tortorella
437 Southern Boulevard
Chatham, NJ  07928

*Attorneys for all Defendants*

**TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................................1

ARGUMENT .......................................................................................................................................3

I. Plaintiff's Motion is Procedurally Improper. ..........................................................................3

II. The Court May Consider the Exhibits Attached to the Motion to Dismiss. ............................4

    A. The Court May Properly Consider the Chart of Alleged Misrepresentations, Attached as Exhibit A. ..................................................................................................4

    B. The Court May Properly Consider Filings with the SEC and Canadian Securities Administrator Filings, Attached as Exhibits B, C, D, F, and J. ............................................6

    C. The Court May Properly Consider the Forms 4, Attached as Exhibit N. ...........................7

    D. The Court May Properly Consider the Content of the Materials Referenced in the Amended Complaint, Attached as Exhibits E, G, H, I, K, L, and M. ................................10

CONCLUSION ..................................................................................................................................11

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Faulman v. Sec. Mut. Fin. Life Ins. Co.*,
  No. 04-cv-5083, 2006 WL 2482926 (D.N.J. Aug. 28, 2006) ...................................................... 4

*Flaherty v. Filardi*,
  No. 03-cv-2167, 2009 U.S. Dist. LEXIS 22641 (S.D.N.Y. Mar. 20, 2009) .............................. 6

*In re Advanta Corp. Sec. Litig.*,
  180 F.3d 525 (3d Cir. 1999) ....................................................................................................... 8

*In re Audible Inc. Sec. Litig.*,
  No. 05-cv-1027, 2007 WL 1062986 (D.N.J. Apr. 3, 2007) ....................................................... 9

*In re Bristol-Myers Squibb Sec. Litig.*,
  312 F. Supp. 2d 549 (S.D.N.Y. 2004) ....................................................................................... 8

*In re Burlington Coat Factory Sec. Litig*,
  114 F.3d 1410 (3d Cir. 1997) ................................................................................................... 10

*In re Cree Inc. Sec. Litig.*,
  No. 1:03-cv-00549, 2005 WL 1847004 (M.D.N.C. Aug. 2, 2005) ........................................... 6

*In re First Union Corp. Sec. Litig.*,
  128 F. Supp. 2d 871 (W.D.N.C. 2001) ..................................................................................... 7

*In re Gildan Activewear, Inc. Sec. Litig.*,
  636 F. Supp. 2d 261 (S.D.N.Y. 2009) ....................................................................................... 8

*In re Harley-Davidson, Inc. Sec. Litig.*,
  660 F. Supp. 2d 969 .................................................................................................................. 6

*In re Huntington Bancshares Inc. Sec. Litig.*,
  No. 2:07-cv-1276, 2009 WL 4666455 (S.D. Ohio Dec. 4, 2009) ............................................. 8

*In re Keyspan Corp. Sec. Litig.*,
  383 F. Supp. 2d 358 (E.D.N.Y. 2003) ...................................................................................... 8

*In re NAHC, Inc. Sec. Litig.*,
  306 F.3d 1314 (3d Cir. 2002) .................................................................................................... 6

*In re NutriSystem, Inc. Derivative Litig.*,
  666 F. Supp. 2d 501 (E.D. Pa. 2009) ........................................................................................ 9

*In re NutriSystem, Inc. Sec. Litig.*,
  653 F. Supp. 2d 563 (E.D. Pa. 2009) ........................................................................................ 8

*In re Radian Sec. Litig.*,
    612 F. Supp. 2d 594 (E.D. Pa. 2009) .................................................................................2, 8

*In re Schering-Plough Corp.*,
    No. 08-cv-0397, 2009 WL 1410961 (D.N.J. May 19, 2009) .......................................................4

*In re Sina Corp. Sec. Litig.*,
    No. 05-cv-2154, 2006 WL 2742048 (S.D.N.Y. Sept. 26, 2006) .................................................8

*In re Thornburg Mortg., Inc. Sec. Litig.*,
    No. 07-cv-0815, 2009 U.S. Dist. LEXIS 124549 (D.N.M. Dec. 21, 2009) .............................10

*In re Vantive Corp. Sec. Litig.*,
    110 F. Supp. 2d 1209 (N.D. Cal. 2000) ....................................................................................8

*Institutional Investors Grp. v. Avaya, Inc.*,
    564 F.3d 242 (3d Cir. 2009) .....................................................................................................11

*Lupin Atlantis Holdings v. Ranbaxy Labs., Ltd.*,
    No. 10-cv-3897, 2011 U.S. Dist. LEXIS 43175 (E.D. Pa. Apr. 21, 2011) ..............................10

*Oran v. Stafford*,
    226 F.3d 275 (3d Cir. 2000) ...................................................................................................2, 8

*Papasan v. Allain*,
    478 U.S. 265 (1986) ....................................................................................................................7

*Payne v. DeLuca*,
    433 F. Supp. 2d 547 (W.D. Pa. 2006) ....................................................................................2, 8

*Ret. Sys. v. Anixter Int'l, Inc.*,
    No. 09-cv-5641, 2011 WL 1303387 (N.D. Ill. Mar. 31, 2011) ..............................................5, 9

*Ret. Sys. v. Horizon Lines, Inc.*,
    442 F. App'x 672 (3d Cir. 2011) .............................................................................................10

*Rochlin v. Cincinnati Ins. Co.*,
    No. IP 00-1898-C, 2003 U.S. Dist. LEXIS 13759 (S.D. Ind. July 8, 2003) .............................6

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
    551 U.S. 308 (2007) ....................................................................................................................1

*Tommaseo v. United States*,
    75 Fed. Cl. 799 (Fed. Cl. 2007) ..................................................................................................5

*United States ex rel. K & R Ltd. P'ship v. Mass. Hous. Fin. Agency*,
    456 F. Supp. 2d 46 (D.D.C. 2006) .........................................................................................3, 5

*United States v. $487,825.00*,
    No. 05-cv-2481, 2006 U.S. Dist. LEXIS 33219 (D.N.J. May 24, 2006) .................................. 6

*Wilson v. Bernstock*,
    195 F. Supp. 2d 619 (D.N.J. 2002) ................................................................................... 2, 8

**OTHER AUTHORITIES**

5B Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1357
    (3d ed. 2004) ........................................................................................................................ 2

Fed. R. Civ. P. 7(a) ........................................................................................................................ 4

Fed. R. Civ. P. 12(b)(6) ............................................................................................................. 1, 2

Fed. R. Civ. P. 12(f) ...................................................................................................................... 4

Defendants Hertz Global Holdings, Inc., Mark Frissora, and Elyse Douglas (collectively, "Defendants") respectfully request that this Court deny Plaintiff's Motion to Strike Exhibits in Connection with Defendants' Motion to Dismiss (Dkt. 35).

## INTRODUCTION

Plaintiff's Amended Complaint purports to quote and challenge statements allegedly made by Defendants, without attaching for the Court's review the documents in which those statements were made. Defendants, in their motion to dismiss, put the referenced documents before the Court along with contemporaneous SEC filings and other matters of public record that provide context for the statements Plaintiff challenges. Plaintiff now moves to strike all of those exhibits, or to limit the Court's review of them.

As a threshold matter, Plaintiff's motion to strike should be denied outright as procedurally improper because the rules authorizing motions to strike do not apply to motions to dismiss or their supporting papers. However, even if the Court were to address the substance of Plaintiff's motion, the Court should deny it as meritless. The motion is based largely on the erroneous premise that a plaintiff can preclude the Court from reviewing documents at the core of a dispute by omitting the documents from its complaint or otherwise artfully pleading around them. But as the Supreme Court has explained, a court considering a motion to dismiss in a securities fraud action must consider "the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (emphasis added). On that point, the Supreme Court relied on Wright & Miller, which elaborates that "[n]umerous cases . . . have allowed consideration of matters incorporated by reference *or integral to the claim*, *items subject*

*to judicial notice, [and] matters of public record* . . . without converting the motion into one for summary judgment." 5B Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1357 (3d ed. 2004) (emphasis added).

The Third Circuit has affirmed the consideration on a 12(b)(6) motion of public disclosure documents filed with the SEC. *Oran v. Stafford*, 226 F.3d 275, 289-90 (3d Cir. 2000). District courts in the Third Circuit routinely consider such materials on a 12(b)(6) motion. *See, e.g., Wilson v. Bernstock*, 195 F. Supp. 2d 619, 623 (D.N.J. 2002); *In re Radian Sec. Litig.*, 612 F. Supp. 2d 594, 610-12 (E.D. Pa. 2009); *Payne v. DeLuca*, 433 F. Supp. 2d 547, 556, 566 n.11 (W.D. Pa. 2006).

This Court too may properly consider the SEC filings and similar items that Defendants have attached to their Rule 12(b)(6) motion. The SEC filings attached as Exhibits B, C, and J are plainly appropriate—each are expressly or implicitly referenced in the complaint, none are challenged as inauthentic, and all contain the very statements Plaintiff challenges. The SEC filings attached as Exhibit N also are appropriate—each is implicitly relied on by Plaintiff in its allegations concerning insider stock sales. Nor does Plaintiff challenge the authenticity of the two exhibits containing public filings submitted to FSNA's Canadian regulator, Alberta Securities Commission, and published on the filing system for the disclosure documents of Canadian public companies and investment funds, "SEDAR." *See* Exhibits D and F.

Moreover, the Court may consider documents incorporated into the Amended Complaint by reference or relied upon by Plaintiff. Five of the remaining exhibits are transcripts of conference calls in which Defendants made statements that Plaintiff challenges as fraudulent— here again, authenticity is unchallenged and the transcripts allow the Court to see the challenged statements in their full context, without the cherry-picking that Plaintiff attempts. *See* Exhibits G,

2

H, K, L, and M. One of the exhibits is a declaration of former CEO of Simply Wheelz filed in the Simply Wheelz bankruptcy litigation, expressly relied upon by Plaintiff in its Amended Complaint. *See* Exhibit E.

While Plaintiff argues that the exhibits impermissibly introduce facts on a motion to dismiss, Plaintiff fails to identify a single factual dispute that is raised by any exhibit. Indeed, none of the exhibits directly contradicts any of the factual allegations contained in the Amended Complaint. Rather, the exhibits demonstrate the complaint's deficiencies and its attempts to recite statements out of context, which are apparent even in the absence of the exhibits.

The remaining document, Exhibit A, is a demonstrative summary of the alleged misrepresentations, prepared for the Court's convenience. It also may properly be considered by the Court at the motion to dismiss stage.

For the foregoing reasons, amplified below, the Court may properly consider all of these documents and should deny the motion to strike. And even if the Court were to determine that a particular exhibit should not be considered, Plaintiff's Amended Complaint should be dismissed for the reasons set out in the motion to dismiss independent of the exhibit.

## ARGUMENT

"A motion to strike is considered an exceptional remedy and is generally disfavored, and the proponent of such a motion must shoulder a formidable burden." *United States ex rel. K & R Ltd. P'ship v. Mass. Hous. Fin. Agency*, 456 F. Supp. 2d 46, 53 (D.D.C. 2006) (citations and internal quotation marks omitted).

### I.     Plaintiff's Motion is Procedurally Improper.

Plaintiff does not cite any procedural authority for its motion to strike. Courts that have considered the propriety of such motions have consistently rejected attempts to strike exhibits attached to a motion to dismiss. For example, the plaintiffs in *In re Schering-Plough*

*Corp./Enhance Securities Litigation*, moved to strike exhibits attached to the defendants' motions to dismiss on the basis that the documents attached as exhibits were not referred to or relied on in the complaint. No. 08-cv-397, 2009 WL 1410961, at *2 (D.N.J. May 19, 2009). The court denied plaintiffs' motion, made pursuant to Rule 12(f), because Rule 12(f) only permits a party to move to strike material from a *pleading*, and the exhibits attached to the defendants' motion to dismiss were not part of a pleading. *Id.*; s*ee also Faulman v. Sec. Mut. Fin. Life Ins. Co.*, No. 04-cv-5083, 2006 WL 2482926, at *3 (D.N.J. Aug. 28, 2006); Fed. R. Civ. P. 7(a) (defining pleadings, which do not include motions or affidavits). Accordingly, the drastic remedy of being stricken from the record was not warranted. *In re Schering-Plough Corp.*, 2009 WL 1410961, at *2. Plaintiff in this case has not cited any other rule or statute authorizing the Court to strike materials from a motion or affidavit. For the reasons articulated in *In re Schering-Plough Corp.*, Plaintiff's motion to strike is procedurally improper and should be denied for that fundamental threshold reason.

## II.     The Court May Consider the Exhibits Attached to the Motion to Dismiss.

Even if a motion to strike were appropriate in this context, which it is not, the substance of Plaintiff's motion fails to meet Plaintiff's burden as to each category of documents challenged, including Defendants' summary chart attached as Exhibit A, public filings attached as Exhibits B, C, D, F, and J, Forms 4 (also public filings) attached as Exhibit N, and other materials referenced in and relied upon in the Amended Complaint attached as Exhibits E, G, H, I, K, L, and M.

### A.     The Court May Properly Consider the Chart of Alleged Misrepresentations, Attached as Exhibit A.

Plaintiff moves to strike Defendants' Exhibit A, which is a compilation of all the statements that Plaintiff quotes and challenges in its Amended Complaint, together with a reference to the relevant portion of Defendants' motion to dismiss. Exhibit A is simply a summary document intended to assist the Court in evaluating the scores of statements quoted by Plaintiff in the

Amended Complaint, often without sufficient context.  It introduces no new legal arguments and merely refers the Court to the legal arguments in the memorandum supporting Defendants' motion to dismiss, which is permissible.  *See Garden City Emps.' Ret. Sys. v. Anixter Int'l, Inc.*, No. 09-cv-5641, 2011 WL 1303387, at *9 (N.D. Ill. Mar. 31, 2011) (denying plaintiffs' motion to strike chart summarizing exhibits and referencing legal arguments in defendants' memorandum of law because, *inter alia*, chart introduced no new legal argument).  As Defendants explained in the memorandum supporting their motion to dismiss, the exhibit was occasioned by Plaintiff's "kitchen sink" pleading and the impracticality of addressing in detail each of 29 block-quote statements Plaintiff challenges.  Defs.' Memo in Support of Mot. to Dismiss at 11.  The Court should consider the exhibit to the extent it is helpful to have all of the challenged statements set out in one place.

Plaintiff's argument that the exhibit was intended to sidestep the local rules' page limitations is without merit.  Courts have rejected the same argument when considering motions to strike similar summary exhibits.  *See, e.g.*, *Tommaseo v. United States*, 75 Fed. Cl. 799, 806 (Fed. Cl. 2007) (denying plaintiffs' motion to exclude exhibits attached to defendants' motion to dismiss because the exhibits "were not offered as evidence, but as demonstrative exhibits intended to help the Court better understand the facts surrounding this case"); *K & R Ltd. P'ship*, 456 F. Supp. 2d at 52-53 (denying plaintiff's motion to strike because, among other reasons, "[plaintiff] does not identify any concrete way in which it would be prejudiced by admission of the exhibit"); *Anixter Int'l*, 2011 WL 1303387 at *9 (denying plaintiffs' motion to strike chart summarizing exhibits and referencing legal arguments in defendants' memorandum of law

5

because, *inter alia*, chart introduced no new legal arguments and merely organized information for the court's convenience).[1]

### B. The Court May Properly Consider Filings with the SEC and Canadian Securities Administrator Filings, Attached as Exhibits B, C, D, F, and J.

There is no merit to Plaintiff's argument that the Court may not consider Exhibits B, C, and J, which are publicly available documents filed with the SEC, or Exhibits D and F, which are publicly available documents filed with FSNA's regulator in Canada. Courts may take judicial notice of publicly filed documents on a motion to dismiss even if not referenced in the complaint. *See In re NAHC, Inc. Sec. Litig.*, 306 F.3d 1314, 1331 (3d Cir. 2002) (noting that judicial notice of documents filed with the SEC but not relied upon in the complaint is proper).

Indeed, Plaintiff itself acknowledges that the Court may take judicial notice of SEC filings. Mot. to Strike at 3-4. Plaintiff erroneously argues, however, that the Court cannot consider any facts contained in the exhibits. *Id.* at 4. That is not correct; courts routinely take judicial notice of the facts contained in documents filed with the SEC, especially in securities fraud cases. *See, e.g.*, *In re NAHC, Inc.*, 306 F.3d at 1331 (upholding district court's consideration of judicially noticed documents for their content); *In re Harley-Davidson, Inc. Sec. Litig.*, 660 F. Supp. 2d 969, 988 n.7, 989 n.8 (E.D. Wis. 2009) (taking judicial notice of facts contained in earnings conference call transcripts and other documents attached to defendants' briefs); *In re Cree Inc. Sec. Litig.*, No.

---

[1] The cases cited by Plaintiff in this portion of its argument are distinguishable or have been misinterpreted by Plaintiff. *See United States v. $487,825.00*, No. 05-cv-2481, 2006 U.S. Dist. LEXIS 33219, at *8 (D.N.J. May 24, 2006) (striking Affirmation of facts prepared by claimant that was "replete with legal argument"); *Flaherty v. Filardi*, No. 03-cv-2167, 2009 U.S. Dist. LEXIS 22641, at *61-62 (S.D.N.Y. Mar. 20, 2009) (excluding screenplay, *Boston Globe* interview, Myspace page and other articles); *Rochlin v. Cincinnati Ins. Co.*, No. IP 00-1898-C, 2003 U.S. Dist. LEXIS 13759, at *22-24 (S.D. Ind. July 8, 2003) (offending appendix included eight pages of endnotes of authorities with parentheticals, and other exhibits—charts, paragraphs, discussions of statistical evidence—all contained factual information and arguments).

1:03-cv-00549, 2005 WL 1847004, at *5 n.9 (M.D.N.C. Aug. 2, 2005) (considering facts contained in registration statement filed with the SEC on Form S-3 to support defendants' arguments); *In re First Union Corp. Sec. Litig.*, 128 F. Supp. 2d 871, 876, 882, 895 (W.D.N.C. 2001).[2]

There is no basis for Plaintiff's argument that the exhibits raise "competing factual accounts" of the events at issue in this litigation. Mot. to Strike at 4. Plaintiff fails to cite even a single "competing factual account" raised by these publicly filed documents. Moreover, Plaintiff does not contest the accuracy of any of the facts contained in the exhibits, but merely criticizes Defendants for providing more context than Plaintiff itself deigned to provide to the Court. *See Papasan v. Allain*, 478 U.S. 265, 268 n.1 (1986) (recognizing that courts may take notice of items in the public record that are not disputed by the parties when considering motions to dismiss).

### C. The Court May Properly Consider the Forms 4, Attached as Exhibit N.

Plaintiff's attempt to strike or limit consideration of records of Ms. Douglas' stock sales filed with the SEC ("Forms 4"), attached to Defendants' motion to dismiss as Exhibit N, also is meritless.

---

[2] In *In re First Union Corp.*, for example, the court took judicial notice of the following facts for the truth of the matters asserted from First Union's public SEC filings, which defendants attached as exhibits to their motion to dismiss: (1) that "First Union is the nation's sixth largest bank with assets of over $237 billion," *id*. at 876 (citing Form 10-K); (2) that First Union had "achieved that growth in large part due to acquisitions," *id*. (citing Form 10-K); (3) that "[s]ince 1985, First Union has completed nearly eighty acquisitions, as the Company grew from 5,000 to more than 75,000 employees," *id*. (citing Form 10-K); (4) that "[i]n 1999 . . . First Union changed its method of accounting so that a loss was recorded only when the securities were deemed to be impaired," *id*. at 882 (citing Form 10-K); (5) that "First Union took a $19 million impairment loss in the First Quarter of 1999 and a $60 million impairment loss in the Third Quarter of 1999," *id*. (citing Forms 10-Q); (6) that "[f]or fiscal 1998, the Company reported operating earnings before and after merger-related and restructuring charges of $3.7 billion and $2.9 billion, respectively," *id*. at 895 (citing Form 10-K); and (7) that "[t]he alleged $79 million understatement of losses amounts to a mere 2.1 percent of operating earnings and 2.8 percent of earnings after such charges," *id*.

7

Courts within the Third Circuit and nationwide routinely take judicial notice of facts in SEC documents filed under penalty of perjury, such as Forms 4, when considering motions to dismiss claims based on allegations of insider stock sales. *E.g., In re Advanta Corp. Sec. Litig.*, 180 F.3d 525, 540-41 (3d Cir. 1999) (considering Form 4 as evidence of how much stock defendants sold and continued to hold); *Wilson*, 195 F. Supp. 2d at 623 ("Decisions of the Third Circuit also support taking judicial notice of such mandated and/or duly filed SEC forms or notices."); *In re Radian Sec. Litig.*, 612 F. Supp. 2d at 611 (noting that "consideration of these publicly filed documents . . . is appropriate on a motion to dismiss" and relying on Forms 4 to conclude that the "inference of scienter is not cogent or at least as compelling as an inference of nonculpability"); *Payne*, 433 F. Supp. 2d at 565 & n.11 (taking judicial notice of reports filed with the SEC, including Forms 4, to prove that defendants likely sold stock at a loss); *In re NutriSystem, Inc. Sec. Litig.*, 653 F. Supp. 2d 563, 576 (E.D. Pa. 2009) (taking judicial notice of Forms 4 for fact that defendants sold stock pursuant to 10b5-1 trading plans).[3] Even the Third Circuit authority cited by Plaintiff notes that Forms 4 may be considered by courts on motions to dismiss securities fraud complaints. *Oran*, 226 F.3d at 289-90.

---

[3] *See also In re Huntington Bancshares Inc. Sec. Litig.*, No. 2:07-cv-1276, 2009 WL 4666455, at *17 (S.D. Ohio Dec. 4, 2009) (considering Forms 4 attached to defendant's motion to dismiss in weighing competing inferences of scienter and granting motion to dismiss); *In re Gildan Activewear, Inc. Sec. Litig.*, 636 F. Supp. 2d 261, 268, 271 n.5 (S.D.N.Y. 2009) (taking judicial notice of facts contained in SEC filings for the truth of the matters asserted therein when considering defendants' stock sale patterns); *In re Sina Corp. Sec. Litig.*, No. 05–cv-2154, 2006 WL 2742048, at *11 (S.D.N.Y. Sept. 26, 2006) (same); *In re Bristol-Myers Squibb Sec. Litig.*, 312 F. Supp. 2d 549, 561 (S.D.N.Y. 2004) (considering the facts contained in Forms 4 and 5 attached to defendants' motion to dismiss when considering whether defendants' sales were unusual); *In re Keyspan Corp. Sec. Litig.*, 383 F. Supp. 2d 358, 382-83 (E.D.N.Y. 2003) (considering publicly filed records to determine how much stock was sold during the relevant time period); *In re Vantive Corp. Sec. Litig.*, 110 F. Supp. 2d 1209, 1219 (N.D. Cal. 2000) ("The Court may consider SEC filings and the officers' exercisable (or vested) stock options in evaluating the percentage of stock sales, not just the shares actually owned.").

Moreover, the Forms 4 disclosing Ms. Douglas' stock sales may be considered because Plaintiff implicitly relied on them in its allegations regarding insider stock sales in the Amended Complaint. *Anixter Int'l,* 2011 WL 1303387 at *10. The Amended Complaint contains a table that purports to show insider sales made by Hertz executives, including Ms. Douglas, during the class period. Am. Compl. ¶ 194. The "only source of insider trading data available to plaintiffs when drafting complaints is the Forms 3, 4, and 5 filed with the SEC," and thus the Forms 4 disclosing Ms. Douglas' stock sales are incorporated by reference in the Amended Complaint and may properly be considered by the Court in deciding Defendants' motion to dismiss. *Anixter Int'l,* 2011 WL 1303387 at *10 (internal quotations omitted).

Plaintiff's argument that the Forms 4 "give[] insufficient information about the purported [10b5-1] plan" for the Court to consider them is meritless and does not justify the exceptional remedy sought. In order to raise a strong inference of scienter, Plaintiff's burden under the PSLRA is to plead facts indicating that a defendant traded on the basis of inside information. *In re Audible Inc. Sec. Litig.*, No. 05-cv-1027, 2007 WL 1062986, at *6-7 (D.N.J. Apr. 3, 2007). But Plaintiff has pointed only to stock sales made by Ms. Douglas in the ordinary course pursuant to a 10b5-1 trading plan, *see* Certification of Kevin H. Marino in Support of Defs' Mot. to Dismiss, Dkt. No. 33-2, at 574, 576, a circumstance that numerous courts have found defeats an inference of scienter. *See e.g. In re NutriSystem, Inc. Derivative Litig.*, 666 F. Supp. 2d 501, 518 & nn.10, 11 (E.D. Pa. 2009) (taking judicial notice of Forms 4 for fact that defendants sold stock pursuant to 10b5-1 trading plan and rejecting plaintiffs' argument that court could not consider Forms 4 because they lacked information as to when 10b5-1 plans were adopted). There is no basis to exclude the Forms 4 under these circumstances.

9

None of the cases cited by Plaintiff compels a different result. Mot. to Strike at 5 & n.10. The Third Circuit's decision in *City of Roseville Emps.' Ret. Sys. v. Horizon Lines, Inc.*, 442 F. App'x 672, 679 (3d Cir. 2011), only supports Defendants' position: the Third Circuit affirmed the district court's dismissal of a securities class action based in part on the fact, evidenced by Forms 4, that the defendants' stock sales were pursuant to 10b5-1 plans. Appendix to Mot. to Dismiss, *City of Roseville Emps.' Ret. Sys.*, No. 08-cv-969 (D. Del. Sept. 1, 2009), Dkt. No. 71, excerpt attached as Exhibit 1 to the accompanying Certification of John D. Tortorella. Plaintiff's two other authorities stand for the proposition that courts will not consider documents on a motion to dismiss that were not incorporated by reference in the complaint—facts not present here. *See Lupin Atlantis Holdings v. Ranbaxy Labs., Ltd.*, No. 10-cv-3897, 2011 U.S. Dist. LEXIS 43175, at *12 n.8 (E.D. Pa. Apr. 21, 2011) (refusing to consider self-serving document that plaintiffs had not relied upon in the complaint); *In re Thornburg Mortg., Inc. Sec. Litig.*, No. 07-cv-0815, 2009 U.S. Dist. LEXIS 124549, at *14 (D.N.M. Dec. 21, 2009) (refusing to consider facts regarding stock sales in documents appended to complaint where plaintiffs had not alleged scienter on the basis of stock sales).

### D.   The Court May Properly Consider the Content of the Materials Referenced in the Amended Complaint, Attached as Exhibits E, G, H, I, K, L, and M.

Plaintiff erroneously argues that the Court may not consider facts contained in Exhibits E, G, H, I, K, L, and M. These exhibits include press releases and transcripts of investor conference calls relied on and quoted by Plaintiff[4] and the Declaration of Thomas McDonnell, filed in the Simply Wheelz bankruptcy proceedings—also cited by Plaintiff.[5] Notably, Plaintiff concedes that these materials are cited in the Amended Complaint and that the Court may consider documents

---

[4] *See, e.g.*, Am. Compl. ¶¶ 45, 46, 113, 115, 127, 168.
[5] *See, e.g.*, Am. Compl. ¶¶ 50, 51, 91, 92.

10

explicitly relied upon in the Amended Complaint. Mot. to Strike at 2, citing *In re Burlington Coat Factory Sec. Litig*, 114 F.3d 1410, 1426 (3d Cir. 1997). Thus, even Plaintiff acknowledges that the Court should consider these exhibits for the context of Defendants' statements and disclosures during the relevant period. *Institutional Investors Grp. v. Avaya, Inc.*, 564 F.3d 242, 246 n.3 (3d Cir. 2009) ("Where the Complaint refers to other documents, we draw on information in those documents beyond what is directly quoted in the Complaint.").

Plaintiff no doubt would prefer the Court not consider all of the facts reported in these exhibits, and instead consider only those excerpts cherry-picked by Plaintiff for inclusion in its Amended Complaint. As the foregoing precedents make clear, however, Courts routinely and properly take the full documents into consideration, particularly where there is no contrary allegation in the Amended Complaint. As those courts have recognized, each document referenced in Plaintiff's complaint may and should be appropriately considered in full context.

## CONCLUSION

Plaintiff will not be prejudiced by the Court's consideration of any of the exhibits attached to Defendants' motion to dismiss. The exhibits are primarily SEC filings and other publicly available documents that Plaintiff explicitly referenced or implicitly relied on in its Amended Complaint. The Court may take judicial notice of those exhibits. Exhibit A is a summary exhibit, offered for the Court's convenience, which concerns statements referenced in the complaint and may also properly be considered. While Defendants' motion to dismiss is not dependent on any single one of the exhibits, to the extent the Court finds the exhibits useful, it may and should consider them.

11

For the reasons set forth above, we respectfully request that the Court deny Plaintiff's Motion to Strike.

Dated:  August 19, 2014				Respectfully submitted,

MARINO, TORTORELLA & BOYLE, P.C.

_____
Kevin H. Marino
John D. Tortorella
437 Southern Boulevard
Chatham, NJ  07928
Telephone:  (973) 824-9300
Fax: (973) 824-8425
kmarino@khmarino.com
jtororella@khmarino.com

*Attorneys for all Defendants*

Of Counsel:

Edwin G. Schallert (*pro hac vice*)
Maeve O'Connor (*pro hac vice*)
Michael T. Leigh (*pro hac vice*)
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, NY  10022
Telephone: (212) 909-6295
Fax: (212) 909-6836
egschallert@debevoise.com
moconnor@debevoise.com
mtleigh@debevoise.com

*Attorneys for Defendant Elyse Douglas*

Anton R. Valukas (*pro hac vice*)
Ross B. Bricker (*pro hac vice*)
Howard S. Suskin (*pro hac vice*)
JENNER & BLOCK LLP
353 North Clark Street
Chicago, IL  60654
Telephone:  (312) 923-2604
Fax: (312) 840-7604
avalukas@jenner.com
rbricker@jenner.com
hsuskin@jenner.com

*Attorneys for Defendants Hertz Global Holdings, Inc. and Mark P. Frissora*