COHN LIFLAND PEARLMAN
  HERRMANN & KNOPF LLP
PETER S. PEARLMAN
Park 80 West-Plaza One
250 Pehle Avenue | Suite 401
Saddle Brook, NJ 07663
Telephone:  201/845-9600
201/845-9423 (fax)
psp@njlawfirm.com

Liaison Counsel for Plaintiff

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| In re HERTZ GLOBAL HOLDINGS, INC. SECURITIES LITIGATION | ) ) ) ) ) ) ) ) ) | Master File No. 2:13-cv-07050-SRC-CLW <br><br> CLASS ACTION |
| This Document Relates To: <br><br> ALL ACTIONS. | | Motion Date: September 2, 2014 |

**PLAINTIFF'S REPLY MEMORANDUM OF LAW IN FURTHER
SUPPORT OF ITS MOTION TO STRIKE EXHIBITS SUBMITTED
IN CONNECTION WITH DEFENDANTS' MOTION TO DISMISS**

## TABLE OF CONTENTS

                                                         **Page**

I.    INTRODUCTION ....................................................................................................... 1

II.   ARGUMENT .............................................................................................................. 1

        A.    Plaintiff's Motion Is Procedurally Proper ..................................................... 1

        B.    Exhibit A ....................................................................................................... 3

        C.    Exhibits D and F ........................................................................................... 5

        D.    The Other Exhibits ....................................................................................... 7

        E.    Exhibit N ....................................................................................................... 9

III.  CONCLUSION ........................................................................................................ 10

## TABLE OF AUTHORITIES

Page

**CASES**

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007)) ..................................................................................................9

*Bostanci v. N.J. City Univ.*,
  2009 U.S. Dist. LEXIS 70211
  (D.N.J. Aug. 11, 2009) ................................................................................................9

*City of Roseville Emps.' Ret. Sys. v. Horizon Lines, Inc.*,
  442 Fed. App'x 672 (3d Cir. 2011) ...........................................................................10

*City of Roseville Emps.' Ret. Sys. v. Horizon Lines, Inc.*,
  713 F. Supp. 2d 378 (D. Del. 2010) ...........................................................................10

*DASFortus Techs. LLC v. Precision Prods. Mfg. Co.*,
  2011 U.S. Dist. LEXIS 104349
  (M.D. Tenn. Sept. 14, 2011) .......................................................................................6

*Garden City Employees' Retirement System v. Anixter International, Inc.*,
  2011 U.S. Dist. LEXIS 35261
  (N.D. Ill. Mar. 31, 2011) ...................................................................................3, 4, 5

*In re G-I Holdings Inc.*,
  2007 U.S. Dist. LEXIS 34947
  (D.N.J. May 14, 2007) ................................................................................................2

*In re Ins. Brokerage Antitrust Litig.*,
  2007 U.S. Dist. LEXIS 73220
  (D.N.J. Sept. 28, 2007) ...............................................................................................9

*In re NAHC, Inc. Securities Litigation*,
  306 F.3d 1314 (3d Cir. 2002) ..................................................................................7, 8

*In re NAHC, Inc. Securities Litigation*,
  2001 U.S. Dist. LEXIS 16754
  (E.D. Pa. Oct. 17, 2001) ..........................................................................................8, 9

*In re Schering-Plough Corp./Enhance Securities Litigation*,
  2009 U.S. Dist. LEXIS 42219
  (D.N.J. May 19, 2009) ................................................................................................3

*Institutional Investors Group v. Avaya, Inc.*,
  564 F.3d 242 (3d Cir. 2009) ........................................................................................9

**Page**

*Knoll v. City of Allentown*,
  707 F.3d 406 (3d Cir. 2013)..................................................................................................2

*Luppino v. Mercedes-Benz USA, LLC*,
  2013 U.S. Dist. LEXIS 161689
  (D.N.J. Nov. 12, 2013)...........................................................................................................2

*Merrion v. Corizon Health, Inc.*,
  2013 U.S. Dist. LEXIS 180057
  (M.D. Pa. Dec. 23, 2013) ......................................................................................................2

*Newill v. Campbell Transp. Co.*,
  2013 U.S. Dist. LEXIS 160903
  (W.D. Pa. Nov. 12, 2013) ......................................................................................................2

*Nikolouzakis v. Exinda Corp.*,
  2012 U.S. Dist. LEXIS 109976
  (D. Del. Aug. 7, 2012) ...........................................................................................................2

*Oran v. Stafford*,
  226 F.3d 275 (3d Cir. 2000)...........................................................................................5, 6, 8

*Oshinsky v. N.Y. Football Giants, Inc.*,
  2009 U.S. Dist. LEXIS 107608
  (D.N.J. Nov. 17, 2009)...........................................................................................................2

*Rehab. Inst. of N.J., Inc. v. Home Depot Inc.*,
  2012 U.S. Dist. LEXIS 167861
  (D.N.J. Nov. 27, 2012)...........................................................................................................9

*Tri3 Enters., LLC v. Aetna, Inc.*,
  535 Fed. App'x 192 (3d Cir. 2013)................................................................................1, 3, 8

*United States ex rel. K & R Ltd. P'ship v. Mass. Hous. Fin. Agency*,
  456 F. Supp. 2d 46 (D.D.C. 2006) .....................................................................................1, 5

*United States v. $487,825.00*,
  2006 U.S. Dist. LEXIS 33219
  (D.N.J. May 24, 2006) ...........................................................................................................4

*Zepeda v. Paypal, Inc.*,
  2013 U.S. Dist. LEXIS 69297
  (N.D. Cal. May 15, 2013) ......................................................................................................2

**Page**

**STATUTES, RULES AND REGULATIONS**

Federal Rules of Evidence
    Rule 201(e) ................................................................................................................6

L.Civ.R.
    Rule 7.2 .....................................................................................................................4

Federal Rules of Civil Procedure
    Rule 12(f) ..............................................................................................................2, 3

Lead plaintiff Sheet Metal Workers' Local No. 80 Pension Trust Fund ("Plaintiff") respectfully submits this reply memorandum of law in further support of its motion to strike the exhibits attached to the Certification of Kevin H. Marino, dated June 23, 2014, filed in support of Defendants' Motion to Dismiss (Dkt. No. 33-2) (the "Marino Cert.").[1]

## I. INTRODUCTION

That Defendants open their Argument with the following quotation is telling: "'A motion to strike is considered an exceptional remedy and is generally disfavored, and the proponent of such a motion must shoulder a formidable burden.'" Def. Mem. at 3 (quoting *United States ex rel. K & R Ltd. P'ship v. Mass. Hous. Fin. Agency*, 456 F. Supp. 2d 46, 53 (D.D.C. 2006) ("*K & R*")). *K & R* is an eight-year-old case decided by a district court in another circuit, not on a motion to dismiss, which are generally decided on "the four corners of the complaint,"[2] but on a motion for summary judgment, which are decided on evidence. As such, it could hardly be less applicable.

For all the reasons below, as well as those in Plaintiff's opening memorandum of law, the motion to strike is proper, and the challenged exhibits (and arguments based thereon) should be stricken.

## II. ARGUMENT

### A. Plaintiff's Motion Is Procedurally Proper

Defendants contend that Plaintiff's motion is "procedurally improper" because a plaintiff may not move to strike exhibits on a motion to dismiss, even if those exhibits are submitted for an

---

[1] As used herein, "Pl. Op. Mem." refers to Plaintiff's opening memorandum on this motion to strike (Dkt. No. 35-1). "Def. Mem." refers to Defendants' memorandum in opposition to this motion (Dkt. No. 37). "Pl. MTD Mem." refers to Plaintiff's memorandum in opposition to Defendants' motion to dismiss (Dkt. No. 36). "Def. MTD Mem." refers to Defendants' memorandum in support of their motion to dismiss (Dkt. No. 33-1).

[2] *Tri3 Enters., LLC v. Aetna, Inc.*, 535 Fed. App'x 192, 195 (3d Cir. 2013).

unauthorized purpose.  Def. Mem. at 3-4.  Defendants' position – that Plaintiff has no judicial recourse even in the face of improper conduct – confounds common sense and is untrue.

Defendants base their argument on the language of Rule 12(f) – a rule Plaintiff does not even cite – which governs motions to strike material from a "pleading."  *See* Def. Mem. at 4.  Defendants reason that because a motion to dismiss is not a pleading under Rule 12(f), Plaintiff is not authorized to move to strike their exhibits.  *See id.*  But that conclusion does not follow.  Federal district courts have the inherent authority to control their dockets.  *See, e.g., Knoll v. City of Allentown*, 707 F.3d 406, 409 (3d Cir. 2013); *In re G-I Holdings Inc.*, 2007 U.S. Dist. LEXIS 34947, at *8-*9 (D.N.J. May 14, 2007) (Chesler, J.)  That inherent authority includes the power to strike documents.  *See, e.g., Newill v. Campbell Transp. Co.*, 2013 U.S. Dist. LEXIS 160903, at *13 (W.D. Pa. Nov. 12, 2013) ("'The law is clear that district courts have the inherent power to control their dockets, and in the exercise of that power, they may properly strike improper documents.'") (quoting *Zepeda v. Paypal, Inc.*, 2013 U.S. Dist. LEXIS 69297, at *12 (N.D. Cal. May 15, 2013)).  Thus, Plaintiff need not invoke Rule 12(f) to move the Court to strike the exhibits in question.

Indeed, many courts in this Circuit have entertained and granted motions to strike exhibits submitted on a motion to dismiss.  *See, e.g., Merrion v. Corizon Health, Inc.*, 2013 U.S. Dist. LEXIS 180057, at *10 (M.D. Pa. Dec. 23, 2013) (granting motion to strike exhibit submitted in support of motion to dismiss); *Luppino v. Mercedes-Benz USA, LLC*, 2013 U.S. Dist. LEXIS 161689, at *21-*22 (D.N.J. Nov. 12, 2013) (granting defendants' motion to strike certifications and exhibits submitted by plaintiffs in opposition to motion to dismiss); *Nikolouzakis v. Exinda Corp.*, 2012 U.S. Dist. LEXIS 109976, at *16-*17 (D. Del. Aug. 7, 2012) (granting in part plaintiffs' motion to strike exhibits submitted by defendants in support of motion to dismiss); *Oshinsky v. N.Y. Football Giants, Inc.*, 2009 U.S. Dist. LEXIS 107608, at *8-*12 (D.N.J. Nov. 17, 2009) (same).

The case law on which Defendants rely is not to the contrary. In *In re Schering-Plough Corp./Enhance Securities Litigation*, 2009 U.S. Dist. LEXIS 42219 (D.N.J. May 19, 2009), the court considered the propriety of the plaintiffs' motion to strike the defendants' exhibits only under Rule 12(f), not under the court's inherent authority. *See id.* at *7 ("[B]ecause Plaintiffs attempt to strike declaration exhibits attached to Defendants' motions, rather than to parts of a pleading, Plaintiffs' motion to strike is procedurally incorrect [under Rule 12(f)] and should be denied.") (citation omitted). Moreover, although it is well established that striking a ***pleading*** is a "drastic remedy," *see id.* at *4-*5, the court did not explain why the same would be true for exhibits ***outside*** the pleadings used to challenge a complaint. *See id.* at *7. Indeed, because the Third Circuit has held that a court "is generally confined to the four corners of the complaint when evaluating its sufficiency," *Tri3*, 535 Fed. App'x at 195 (citation omitted), and may consider materials outside the complaint only as an exception to this general rule, the standard for evaluating a motion to strike exhibits should, as a matter of logic, be much lighter than that for a motion to strike a pleading.

### B.  Exhibit A

Citing only out-of-Circuit authority, Defendants attempt to justify Ex. A as a demonstrative exhibit that offers "no new legal arguments." Def. Mem. at 5. But Ex. A differs materially from the exhibits found to be acceptable in Defendants' cases.

In *Garden City Employees' Retirement System v. Anixter International, Inc.*, 2011 U.S. Dist. LEXIS 35261 (N.D. Ill. Mar. 31, 2011), for example, the defendants submitted a chart that the court described as follows:

> The first column of the chart sets forth the alleged misrepresentation (copied from the complaint); the second column lists the corresponding paragraph number in the complaint; and the third column contains a ***short description of why the statement is inactionable (for example, "Immaterial puffery") along with a reference to the relevant portion of Defendants' memorandum***.

*Id.* at *27 (emphasis added). In denying the plaintiffs' motion to strike this exhibit, the court observed that "the chart does not purport to introduce any facts or evidence extrinsic to the complaint," but "merely reproduces portions of Plaintiffs' complaint and references portions of Defendants' memorandum in support of their motion to dismiss." *Id.* at *27-*28.

Although Ex. A has three columns with headings similar to those in the *Garden City* chart, there are significant differences in the content. First, the third column in Ex. A, under the heading "Reasons Why Statement Is Not Actionable," does not merely include "a short description of why the statement is inactionable . . . with a reference to the relevant portion of Defendants' memorandum," as in *Garden City*. *Id.* at *27. Rather, it includes many lengthy entries quoting purportedly meaningful cautionary language in support of Defendants' safe-harbor defense. *See* Ex. A at entry nos. 1-6, 8, 12-17 (not including the numerous subsequent entries referencing the quoted language from these earlier entries). Defendants do ***not*** discuss this quoted language in their motion to dismiss, other than to refer the Court to Ex. A. *See* Def. MTD Mem. at 15. Thus, it constitutes new legal argument.

Second, the third column of Ex. A also includes instances of inappropriate ***factual*** argument, contending that Plaintiff has ignored a variety of statements made by Mr. Frissora. *See, e.g.*, Ex. A at entry nos. 5 (last paragraph); 6 (last paragraph); and 7 (last two paragraphs). Most of the language they quote – including the entire last paragraph of entry no. 5 and the penultimate paragraph of entry no. 7 – is not quoted in their motion to dismiss ***at all***. For this additional reason, Defendants cannot accurately represent that Ex. A contains no new argument. *See United States v. $487,825.00*, 2006 U.S. Dist. LEXIS 33219, at *8 (D.N.J. May 24, 2006) (striking affirmation because it was "replete with legal argument" in violation of Local Rule 7.2).

Third, in numerous instances Defendants use the third column to quote language that appears

- 4 -

neither in the AC nor in any of Defendants' other exhibits. *See* Ex. A entry nos. 5 (quoting May 8, 2013 Wells Fargo Industrial and Construction Transcript); 12 (quoting March 11, 2013 Credit Suisse Global Services Conference Transcript); 14 (quoting April 29, 2013 Press Release); 15 (quoting July 29, 2013 Press Release); 16 (quoting May 21, 2013 Barclays High Yield and Syndicated Loan Conference) – none of which are before the Court. Because the Court may take judicial notice only of "***properly-authenticated*** public disclosure documents filed with the SEC," *Oran v. Stafford*, 226 F.3d 275, 289 (3d Cir. 2000) (citation omitted; emphasis added), and Defendants have failed to put these documents before the Court in any way (authenticated or not), they are not subject to judicial notice. *See also* Pl. Op. Mem. at 3-4 n.6.

In short, Defendants cannot properly represent: (1) that Ex. A contains no new argument; (2) that, as in *Garden City*, it "does not purport to introduce any facts or evidence extrinsic to the complaint," 2011 U.S. Dist. LEXIS 35261 at *27-*28; or (3) that it "merely reproduces portions of Plaintiffs' complaint and references portions of Defendants' memorandum in support of their motion to dismiss." *Id.* Nor can they analogize Ex. A to the demonstrative exhibit at issue in *K & R*, which consisted "overwhelmingly – or perhaps entirely – of information and argument presented elsewhere in the parties' various submissions . . . ." 456 F. Supp. 2d at 53.

At a minimum, therefore, the Court should strike from Ex. A every instance of legal or factual argument that does not occur in Defendants' motion to dismiss, and every entry that quotes evidentiary language not before the Court either in the AC or as a properly authenticated exhibit. If the Court is inclined to consider these elements of Ex. A, however, Plaintiff respectfully requests an opportunity to address them in a supplemental submission.

### C. Exhibits D and F

Defendants do not contend that Plaintiff either cited or relied upon Exs. D and F – documents purportedly issued by non-party Franchise Services of North America Inc. ("FSNA"), Simply

- 5 -

Wheelz's parent – in pleading the AC.[3] Nonetheless, they contend that these exhibits are properly before the Court because FSNA filed them with some unnamed Canadian regulator. *See* Def. Mem. at 6. This argument must fail.

Even SEC filings, to which Defendants hope to analogize these exhibits, are subject to judicial notice only if they are "properly-authenticated," *Oran*, 226 F.3d at 289, and it is Defendants' burden, as the proponents of judicial notice, to authenticate them. *See* Fed. R. Evid. 201(e). Neither in their motion to dismiss, nor even in responding to Plaintiff's motion to strike, do Defendants provide any information upon which to base their claim that these documents were publicly filed with the unnamed Canadian regulator.[4] *See, e.g.*, Marino Cert. ¶¶5, 7 (merely attaching the exhibits with no authenticating information). Their purported public filing cannot, therefore, be a basis for judicially noticing these documents. *Cf. DASFortus Techs. LLC v. Precision Prods. Mfg. Co.*, 2011 U.S. Dist. LEXIS 104349 (M.D. Tenn. Sept. 14, 2011) (declining to judicially notice public filings made in the People's Republic of China).

But even if there were some legitimate basis for judicially noticing these documents, Defendants have submitted them to introduce facts that are not in the AC. *See* Def. MTD Mem. at 4, 5. As discussed in Plaintiff's opening memorandum of law, *see* Pl. Op. Mem. at 2, 4, as well as the following section, that is an improper purpose for submitting exhibits on a motion to dismiss. The Court should, therefore, strike these exhibits and all references to them in Defendants' motion.

---

[3] Indeed, the AC has only three references to FSNA – all in a block quotation in a single paragraph. *See* ¶177.

[4] Moreover, it is plain from the face of one of the documents – a memorandum from FSNA to its auditor, Ernst & Young LLP (Ex. F) – that it was not prepared *for* a regulator.

### D. The Other Exhibits

Defendants contend that their other exhibits (Exs. B, C, E, G, H, I, J, K, L, M and N)[5] are properly submitted because they were either filed with the SEC or cited or otherwise relied upon by Plaintiff in the AC. *See generally* Def. Mem. at 6-7 & 10-11. Although Plaintiff has acknowledged that these exhibits are candidates for judicial notice (*see* Pl. Op. Mem. at 3), Defendants' argument misses the point. Defendants have submitted these otherwise judicially noticeable documents for the impermissible purpose of presenting additional "facts" for the Court to consider in weighing the motion to dismiss. That they cannot do.[6]

Exs. B, C and J, for example, are documents filed with the SEC. Defendants contend that "courts routinely take judicial notice of the *facts* contained in documents filed with the SEC, especially in securities-fraud cases." Def. Mem. at 6 (emphasis added). But the Third Circuit authority they cite stands for the *opposite* proposition. In *In re NAHC, Inc. Securities Litigation*, 306 F.3d 1314 (3d Cir. 2002), the plaintiffs conceded that SEC filings were judicially noticeable, but argued that the district court had erred by accepting them for the truth of the matter therein. *See id.* at 1331. The Third Circuit disagreed with plaintiffs, stating without explication: "We find no reversible error and completely accept the district court's discussion of this particular issue and all aspects of the judicial notice contention." *Id.* Based on this bare statement, Defendants infer that courts in this Circuit may judicially notice SEC filings for the "facts contained in the exhibits." Def. Mem. at 6.

---

[5] Plaintiff addresses Ex. N separately in the following section.

[6] As explained in its opening memorandum, Plaintiff does not object to Exs. B, C, G, H, J and K to the extent Defendants submit them for the arguably proper purpose of submitting purportedly cautionary language on which they rely for their safe-harbor defense. *See* Pl. Op. Mem. at 3. For the reasons given in opposition to Defendants' motion to dismiss, however, Plaintiff disputes the applicability of the saf e-harbor defense. *See, e.g.,* Pl. MTD Mem. at 19-22.

The Third Circuit, however, did not hold that SEC documents may be accepted for the truth of the matter therein. The district court order on appeal in *NAHC* – which the Third Circuit "completely accept[ed]" on this issue – demonstrates the error of Defendants' inference. In *In re NAHC, Inc. Securities Litigation*, the court explicitly addressed the plaintiffs' argument that SEC documents may not be considered "for the truth of their contents." 2001 U.S. Dist. LEXIS 16754, at *16 (E.D. Pa. Oct. 17, 2001). Far from rejecting this proposition, the district court embraced it wholeheartedly: "'The [SEC] documents are the very documents alleged to contain the various misrepresentations or omissions and are relevant ***not to prove the truth of their contents but only to determine what the documents stated***.'" *Id.* (quoting *Oran*, 226 F.3d at 289) (emphasis added). Thus, when the Third Circuit concluded there had been no error, it was not rejecting the rule advocated by the plaintiffs – that a court may not judicially notice a document for the facts therein on a motion to dismiss – but simply holding that the district court had not violated the rule in that case.[7]

In response to Plaintiff's argument that they have impermissibly used their exhibits to introduce facts on a motion to dismiss, Defendants argue that "Plaintiff fails to identify a single factual dispute that is raised by any exhibit" (Def. Mem. at 3), and that "Plaintiff fails to cite even a single 'competing factual account' raised by these publicly filed documents." *Id.* at 7. Significantly, however, Defendants do ***not*** contest – and indeed ***admit*** – that they are submitting these documents for the submission of additional ***facts***. *See, e.g.*, *id.* at 6. Under the clear law in this Circuit, that is improper. *See, e.g., Tri3 Enters.*, 535 Fed. App'x at 195 ("Unless the court converts a motion to

---

[7] For all the reasons given in Plaintiff's opening memorandum, the same rule applies to other judicially noticeable documents at issue here (Exs. E, G, H, I, K, L, M and N): they may not be submitted for the facts therein. *See* Pl. Op. Mem. at 2, 4.

dismiss into a motion for summary judgment, it is generally confined to the four corners of the complaint when evaluating its sufficiency.") (citation omitted); *Bostanci v. N.J. City Univ.*, 2009 U.S. Dist. LEXIS 70211, at *4 (D.N.J. Aug. 11, 2009) ("To state a valid claim, the claim for relief need only be 'plausible *on its face*.'") (emphasis added by Chesler, J.; quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Rehab. Inst. of N.J., Inc. v. Home Depot Inc.*, 2012 U.S. Dist. LEXIS 167861, at *4 (D.N.J. Nov. 27, 2012) ("An argument that relies on proof of facts outside the Complaint cannot succeed on a motion to dismiss.") (Chesler, J.).[8]

### E. Exhibit N

Defendants misunderstand Plaintiff's motion to strike Ex. N, which includes two Forms 4 for defendant Douglas. If Defendants had submitted the forms in question to establish Douglas's insider transactions in Hertz securities, Plaintiff would not have moved to strike them. Indeed, as Defendants point out, Plaintiff relied on such forms in preparing the AC. *See* Def. Mem. at 9. Rather, Plaintiff moves to strike them because Defendants submit them for an improper purpose – to establish the purported existence of a 10b5-1 trading plan that is: (1) not filed with the SEC; and (2) not cited in, attached to, or relied upon in the AC. *See* Def. MTD Mem. at 26. In these circumstances, Plaintiff would be justified in moving to strike the plan even if Defendants had submitted it as an exhibit to the motion to dismiss.

But Defendants did not do even that. Instead, they have asked the Court, on the basis of what might be characterized as hearsay evidence – a mere passing reference to the plan in two Forms 4–

---

[8] *See also In re Ins. Brokerage Antitrust Litig.*, 2007 U.S. Dist. LEXIS 73220, at *42 (D.N.J. Sept. 28, 2007) ("the purpose of a motion to dismiss is to test the sufficiency of a complaint, not to resolve disputed facts or decide the merits of the case") (citation omitted). Defendants cite *Institutional Investors Group v. Avaya, Inc.*, 564 F.3d 242, 246 n.3 (3d Cir. 2009), for the proposition that "[w]here the Complaint refers to other documents, we draw on information in those documents beyond what is directly quoted in the Complaint." The Third Circuit did ***not*** say, however, that it could accept ***facts*** in those documents as true for purposes of resolving a motion to dismiss.

to credit both its existence and the existence of plan terms that weigh against Douglas's scienter. As the Third Circuit has made clear, however, the bare fact of a 10b5-1 trading plan does not negate scienter. *See, e.g.*, *City of Roseville Emps.' Ret. Sys. v. Horizon Lines, Inc.*, 442 Fed. App'x 672, 679 n.3 (3d Cir. 2011) ("*Horizon*") (10b5-1 plan "not exculpatory" if it was put into place after the conspiracy began). Here, neither Plaintiff nor the Court knows when the purported plan was put into place, or indeed anything else about it. It is appropriate, therefore, that the Court strike Ex. N, and any argument based upon that exhibit.[9]

## III. CONCLUSION

For the foregoing reasons, as well as those in its opening memorandum of law, Plaintiff respectfully requests that the motion be granted in its entirety.

DATED: August 25, 2014

Respectfully submitted,

COHN LIFLAND PEARLMAN
 HERRMANN & KNOPF LLP
PETER S. PEARLMAN

*/s/ Peter S. Pearlman*
PETER S. PEARLMAN

---

[9] Although Defendants try to justify Ex. N by submitting a portion of the Appendix that was before the district court on the motion to dismiss in *Horizon*, *see* Certification of John D. Tortorella in Support of Defendants' Opposition to Plaintiff's Motion to Strike, Ex. 1 (Dkt. No. 37-1), that submission does not help Defendants. Unlike Plaintiff here, the lead plaintiff in *Horizon* **pleaded** the existence of the 10b5-1 plans in question, making them an appropriate subject on the motion to dismiss. *See* Declaration of Evan J. Kaufman in Support of Plaintiff's Reply Memorandum of Law in Further Support of Its Motion to Strike Exhibits Submitted in Connection with Defendants' Motion to Dismiss, dated August 25, 2014, Ex. 1 ¶¶271-72. Moreover, because the lead plaintiff in *Horizon* never challenged defendants' submission of the Forms 4 on the motion to dismiss, the district court never had occasion to address the propriety of that submission. *See generally City of Roseville Emps.' Ret. Sys. v. Horizon Lines, Inc.*, 713 F. Supp. 2d 378 (D. Del. 2010).

Park 80 West-Plaza One
250 Pehle Avenue | Suite 401
Saddle Brook, NJ  07663
Telephone:  201/845-9600
201/845-9423  (fax)
psp@njlawfirm.com

*Liaison Counsel for Plaintiff*

ROBBINS GELLER RUDMAN
   & DOWD LLP
SAMUEL H. RUDMAN
EVAN J. KAUFMAN
MARK T. MILLKEY
MICHAEL G. CAPECI
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173  (fax)
srudman@rgrdlaw.com
ekaufman@rgrdlaw.com
mmillkey@rgrdlaw.com
mcapeci@rgrdlaw.com

*Lead Counsel for Plaintiff*

SACHS WALDMAN P.C.
PATRICIA J. TARINI
1423 East Twelve Mile Road
Madison Heights, MI  48071
Telephone:  248/658-0800
313/965-4315 (fax)

*Additional Counsel for Plaintiff*

CERTIFICATE OF SERVICE

I hereby certify that on August 25, 2014, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such public filing to the email addresses denoted on the attached Electronic Mail Notice List.

I certify under penalty of perjury under the law of the United States of America that the foregoing is true and correct. Executed on August 25, 2014.

COHN LIFLAND PEARLMAN
  HERRMANN & KNOPF LLP
PETER S. PEARLMAN

*/s/ Peter S. Pearlman*
PETER S. PEARLMAN

Park 80 West-Plaza One
250 Pehle Avenue | Suite 401
Saddle Brook, NJ  07663
Telephone:  201/845-9600
201/845-9423  (fax)
psp@njlawfirm.com

*Liaison Counsel for Plaintiff*

# Mailing Information for a Case 2:13-cv-07050-SRC-CLW RAMIREZ, JR. v. HERTZ GLOBAL HOLDINGS, INC. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **ROSS B. BRICKER**
  rbricker@jenner.com

- **MICHAEL G. CAPECI**
  mcapeci@rgrdlaw.com

- **EVAN J. KAUFMAN**
  ekaufman@rgrdlaw.com

- **MICHAEL T. LEIGH**
  mtleigh@debevoise.com

- **SETH R. LESSER**
  slesser@klafterolsen.com,slesser@pacernotice.com,Nancy.Velasquez@klafterolsen.com,giselle.quinones@klafterolsen.com

- **KEVIN HARRY MARINO**
  kmarino@khmarino.com,docketing@khmarino.com

- **MAEVE O'CONNOR**
  mloconnor@devevoise.com

- **PETER S. PEARLMAN**
  PSP@njlawfirm.com

- **SAMUEL H. RUDMAN**
  srudman@rgrdlaw.com,e_file_ny@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **EDWIN G. SCHALLERT**
  egschallert@debevoise.com

- **HOWARD SUSKIN**
  hsuskin@jenner.com

- **JOHN D. TORTORELLA**
  jtortorella@khmarino.com

- **ANTON R. VALUKAS**
  avalukas@jenner.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`