COHN LIFLAND PEARLMAN
 HERRMANN & KNOPF LLP
PETER S. PEARLMAN
ATTY # 234551970
Park 80 West – Plaza One
250 Pehle Avenue, Suite 401
Saddle Brook, NJ  07663
Telephone:  201/845-9600
201/845-9423 (fax)

Liaison Counsel for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re HERTZ GLOBAL HOLDINGS, INC. SECURITIES LITIGATION | Master File No. 2:13-cv-07050-SRC-CLW<br><br>CLASS ACTION<br><br>**DECLARATION OF EVAN J. KAUFMAN IN SUPPORT OF PLAINTIFF'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION TO STRIKE EXHIBITS SUBMITTED IN CONNECTION WITH DEFENDANTS' MOTION TO DISMISS** |
| This Document Relates To:<br><br>ALL ACTIONS. | |

Evan J. Kaufman does hereby certify and say:

1. I am a partner with the law firm of Robbins Geller Rudman & Dowd LLP, attorneys for lead plaintiff Sheet Metal Workers' Local No. 80 Pension Trust Fund (herein "Plaintiff") in the above-captioned matter.  I submit this Declaration in support of Plaintiff's reply memorandum of law in further support of its motion to strike exhibits submitted in connection with Defendants' motion to dismiss.

2. Attached hereto as Exhibit 1 is a true and correct copy of excerpts from the Amended Consolidated Securities Class Action Complaint, dated December 23, 2009, in *City of Roseville Emps.' Ret. Sys. v. Horizon Lines, Inc.*, No. 08-cv-969 (D. Del.) (Dkt. No. 88).

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated:  August 25, 2014

_____
EVAN J. KAUFMAN

CERTIFICATE OF SERVICE

I hereby certify that on August 25, 2014, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such public filing to the email addresses denoted on the attached Electronic Mail Notice List.

I certify under penalty of perjury under the law of the United States of America that the foregoing is true and correct.  Executed on August 25, 2014.

          COHN LIFLAND PEARLMAN
           HERRMANN & KNOPF LLP
          PETER S. PEARLMAN

          */s/ Peter S. Pearlman*
          PETER S. PEARLMAN

Park 80 West-Plaza One
250 Pehle Avenue | Suite 401
Saddle Brook, NJ  07663
Telephone:  201/845-9600
201/845-9423  (fax)
psp@njlawfirm.com

*Liaison Counsel for Plaintiff*

# Mailing Information for a Case 2:13-cv-07050-SRC-CLW RAMIREZ, JR. v. HERTZ GLOBAL HOLDINGS, INC. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **ROSS B. BRICKER**
  rbricker@jenner.com

- **MICHAEL G. CAPECI**
  mcapeci@rgrdlaw.com

- **EVAN J. KAUFMAN**
  ekaufman@rgrdlaw.com

- **MICHAEL T. LEIGH**
  mtleigh@debevoise.com

- **SETH R. LESSER**
  slesser@klafterolsen.com,slesser@pacernotice.com,Nancy.Velasquez@klafterolsen.com,giselle.quinones@klafterolsen.com

- **KEVIN HARRY MARINO**
  kmarino@khmarino.com,docketing@khmarino.com

- **MAEVE O'CONNOR**
  mloconnor@devevoise.com

- **PETER S. PEARLMAN**
  PSP@njlawfirm.com

- **SAMUEL H. RUDMAN**
  srudman@rgrdlaw.com,e_file_ny@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **EDWIN G. SCHALLERT**
  egschallert@debevoise.com

- **HOWARD SUSKIN**
  hsuskin@jenner.com

- **JOHN D. TORTORELLA**
  jtortorella@khmarino.com

- **ANTON R. VALUKAS**
  avalukas@jenner.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`

# EXHIBIT 1

# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CITY OF ROSEVILLE EMPLOYEES' RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>HORIZON LINES, INC., HORIZON LINES, LLC, CHARLES G. RAYMOND, MARK URBANIA, JOHN V. KEENAN, JOHN W. HANDY, BRIAN TAYLOR, GABRIEL SERRA, R. KEVIN GILL, and GREGORY GLOVA,<br><br>Defendants. | No. 08-969(HB)<br><br>(Securities Class Action)<br><br>Hon. Harvey Bartle, III<br><br><br>ELECTRONICALLY FILED<br><br><br>**JURY TRIAL DEMANDED** |

## AMENDED CONSOLIDATED SECURITIES CLASS ACTION COMPLAINT

| Defendant | Date | Shares | Price | Proceeds |
|---|---|---|---|---|
| Keenan | 2/22/2008 | 3000 | $21.24 | $63,711.00 |
| Raymond | 2/29/2008 | 6000 | $20.18 | $121,104.00 |
| Keenan | 3/24/2008 | 3000 | $18.88 | $56,647.00 |
| Raymond | 3/31/2008 | 6000 | $18.60 | $111,573.00 |
| Keenan | 4/21/2008 | 3000 | $14.00 | $42,000.00 |

269.    The above sales resulted in significant profits for these Individual Defendants. Whereas Keenan's base salary in 2007 was $325,000.00, he grossed **nearly $4.8 million** from stock sales during the Class Period. Similarly, whereas Raymond's base salary in 2007 was $640,000.00, he grossed **over $5.3 million** from stock sales during the Class Period. And Urbania, whose base salary in 2007 was $364,000.00, grossed $916,590.00 from stock sales during the Class Period, nearly tripling his salary. Finally, Serra grossed an additional $55,872.00 from stock sales during the Class Period. Defendants Raymond, Urbania, Keenan and Serra were able, through the above-listed insider sales, to receive very large sums of money and maximize their profits from the vested shares received in 2005 that they never would have received if the truth were disclosed.

270.    Moreover, because the corrective disclosures at the end of the Class Period were triggered not by any of these Defendants, but by the completely unexpected announcement of the DOJ investigation, these Defendants' insider trading was cut short by that announcement.

271.    Some of the above sales by Defendants Raymond, Urbania and Keenan were made pursuant to 10b5-1 sales plans, all executed in November 2006, in the middle of the Class Period, and during the period that the antitrust price-fixing scheme was well underway. Those

plans – commenced only during the time of the scheme complained of herein – cannot negate Defendants' substantial motive and opportunity to profit from selling their personally-held Horizon common stock during the Class Period. To the contrary, as noted by the SEC's Director of Enforcement in a speech on March 8, 2007:

> In 2000, the SEC enacted Rule 10b5-1 in order to clarify the law about when executives who may come into possession of inside information can legally trade. Rule 10b5-1 allows corporate executives to make a plan, at a time when they are not in possession of inside information, to make prearranged trades at specified prices or dates in the future. The idea was to give executives "a safe harbor" to proceed with these prearranged trades without facing charges of insider trading. The Rule was intended to give executives regular opportunities to liquidate their stock holdings—to pay their kids' college tuition, for example—without risk of inadvertently facing an insider trading inquiry. However, recent academic studies suggest that the Rule is being abused. The academic data shows that executives who trade within a 10b5-1 plan outperform their peers who trade outside of such a plan by nearly 6%; it ought to be the case that plan participants should be no more successful on average than those who trade outside a plan. ***The difference seems to be that executives with plans sell more frequently and more strategically ahead of announcements of bad news. This raises the possibility that plans are being abused in various ways to facilitate trading based on inside information.*** We're looking at this—hard. We want to make sure that people are not doing here what they were doing with stock options. ***If executives are in fact trading on inside information and using a plan for cover, they should expect the "safe harbor" to provide no defense.*** [Emphasis added.]

272. Indeed, all of the Horizon Individual Defendants' 10b5-1 plans (none of which are public) are highly suspicious because they were all entered into in late 2006, six years after such plans were allowed by the SEC and over a year after the IPO. Moreover, prior to the implementation of their 10b5-1 plans in late November 2006, except for the one notably huge sale of 125,000 shares for a profit of over $2.6 million by Defendant Raymond on November 17, 2006, none of these Defendants made any sales of their stock in 2006.

### XII. JURY TRIAL DEMAND

309. Plaintiff, on behalf of itself and the Class, hereby demands a trial by jury.

### XIII. PRAYER FOR RELIEF

310. WHEREFORE, Plaintiff, on behalf of itself and the Class, prays for relief and judgment as follows:

  A. Determining that this action is a proper class action and certifying Lead Plaintiff, Detroit P&F, as class representative under Rule 23 of the Federal Rules of Civil Procedure;

  B. Awarding compensatory damages in favor of Plaintiff and the other members of the Class against all Defendants for all damages sustained as a result of Defendants' violations in an amount to be proven at trial, together with interest thereon;

  C. Awarding rescission and/or rescissory damages in favor of Plaintiff and the members of the Class;

  D. Awarding prejudgment interest and/or opportunity cost damages in favor of Plaintiff and the other members of the Class;

  E. Awarding Plaintiff and the Class the fees and expenses incurred in the prosecution of this action, including attorneys' fees and expert fees; and

  F. Granting such other and further relief as the Court may deem just and proper.

Dated: December 23, 2009    Respectfully submitted,

            /s/ Sean M. Brennecke
            Andre Bouchard (#2504)
            Sean M. Brennecke (#4686)
            **BOUCHARD MARGULES & FRIEDLANDER, P.A.**
            222 Delaware Avenue, Suite 1400
            Wilmington, Delaware 19801
            (302) 573-3500

            *Liaison Counsel*

            John C. Browne
            Lauren A. McMillen
            Sean O'Dowd

**BERNSTEIN LITOWITZ BERGER
& GROSSMANN LLP**
1285 Avenue of the Americas, 38th Floor
New York, New York 10019
Telephone: 212-554-1400
Facsimile: 212-554-1444

Peter S. Linden
Ira M. Press
David Kovel
Steven D. Cohn

**KIRBY McINERNEY LLP**
825 Third Avenue, 16th Floor
New York, New York 10022
(212) 371-6600

*Co-Lead Counsel for Lead Plaintiff the Police &
Fire Retirement System of the City of Detroit*